**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SANDBOX SOFTWARE LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>18BIRDIES, LLC,<br><br>                    Defendant. | Civil Action No. 18-1649-MN |

**DECLARATION OF RACHAEL D. LAMKIN**
**IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

I, Rachael D. Lamkin, declare as follows:

1.      I am lead counsel of record for Defendant 18Birdies, LLC.  I am an attorney licensed to practice law in all state and federal courts in California, the Eastern District of Texas, Colorado federal court, the Court of International Trade, and the Federal Circuit Court of Appeals.  I was admitted *pro hac vice* in this matter on November 16, 2018.

2.      I have personal knowledge as to all facts in this declaration.

3.      Attached as Exhibit A is a true and correct copy of the February 28, 2013 Final Rejection in the file history of the Asserted Patent.

4.      Attached as Exhibit B is a true and correct copy of the Patentee's Appeal Brief to the Patent And Trial Appeal Board in the file history of the Asserted Patent.

5.      Attached as Exhibit C is a true and correct copy of the Examiner's Response Brief in the file history of the Asserted Patent.

6.      Attached as Exhibit D is a true and correct copy of the Infringement Chart Plaintiff filed with its Complaint.

Signed under penalty of perjury on December 19, 2018 in San Francisco, California.


*/s/ Rachael D. Lamkin*
Rachael D. Lamkin

# EXHIBIT   A

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/198,159 | 08/04/2011 | Marion O'Neill Lee | 2170615-3 | 7227 |

49840          7590          02/28/2013
Baker Donelson
Intellectual Property Department
Monarch Plaza, Suite 1600
3414 Peachtree Rd.
ATLANTA, GA 30326

| EXAMINER |
|---|
| HOANG, BACH V |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3718 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 02/28/2013 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

atlip@bakerdonelson.com
tdavis@bdbc.com
ipdocketing@bakerdonelson.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 13/198,159 | LEE ET AL. |
| | Examiner | Art Unit | |
| | BACH HOANG | 3718 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>21 December 2012</u>.
2a) ☒ This action is **FINAL**.     2b) ☐ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

5) ☒ Claim(s) <u>1-13</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) <u>1-13</u> is/are rejected.
8) ☒ Claim(s) <u>1</u> is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

\* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
   Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
   Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All   b) ☐ Some * c) ☐ None of:
   1. ☐ Certified copies of the priority documents have been received.
   2. ☐ Certified copies of the priority documents have been received in Application No. _____.
   3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
   \* See the attached detailed Office action for a list of the certified copies not received.

## Attachment(s)

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .
4) ☐ Other: _____.

Application/Control Number: 13/198,159                                    Page 2

Art Unit: 3718

## DETAILED ACTION

1.   This responds to Applicant's amendments/arguments filed December 21, 2012.

Claims 1-5 and 7-13 have been amended.  Claims 1-13 are currently pending.

### *Claim Objections*

2.   Claim 1 is objected to because of the following informalities:

3.   Claim 1 recites "the select mobile computer device game application."  However,

only a "select mobile device game application" has been introduced.  Limitations

referring to the originally introduced element should use the same language as

the originally introduced element in order to make the reference clear.

4.   Claim 1 recites "the second player's mobile computer device."  However, only a

"second player's mobile device" has been introduced.  Limitations referring to the

originally introduced element should use the same language as the originally

introduced element in order to make the reference clear.

5.   Appropriate correction is required.

### *Claim Rejections - 35 USC § 101*

Application/Control Number: 13/198,159                                      Page 3
Art Unit: 3718

6.      35 U.S.C. 101 reads as follows:


Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

7.      Based upon consideration of all of the relevant factors with respect to the claim as a whole, claim(s) 1-9 are held to claim an abstract idea, and is/are therefore rejected as ineligible subject matter under 35 U.S.C. 101.  The rationale for this finding is explained below.


8.      Claims 1 and 5 recite a method of providing a mobile device based game; however, there are no specifically recited machines which perform every step of the recited method.   For example, claim 1 recites providing, entering, transmitting, and verifying, however, what specific machine actually performs those steps is not recited.  Furthermore, claim 1 recites "entering the occurrence of a game related event by a first player."  The claim is read that a first player (a human) enters the occurrence of a game related event, and the claim attempts to claim a human--a human is not patentable subject matter and the performance of a step by a human is not a patentable specific machine for performing that step.  Claims 2-4 and 6-9 depend from claims 1 or 5 and are rejected for the same reasons as claims 1 and 5.


**Claim Rejections - 35 USC § 112**

Application/Control Number: 13/198,159                                         Page 4
Art Unit: 3718

9.      The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

10.     Claims 2-3 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

11.     Claim 2 recites "the observed game related event."  However, an observed game related event has not been previously introduced.  It is unclear what the observed event is, and whether the observed event is related to previous events or is meant to introduce new observed events.

12.     Claim 3 depends from claim 2, inherits its deficiencies, does not cure its deficiencies, and is rejected for at least similar reasons as claim 2.

### *Claim Rejections - 35 USC § 102*

> (e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

13.     ***Claims 1, 5, and 10 are rejected under 35 U.S.C. 102(b) as being anticipated by US Pub. No. 2010/0004039 A1 ("Kelly").***

14.    **In regards to claim 1**, Kelly discloses a method for playing a mobile device based game, comprising the steps of:

providing a first player's mobile computer device ("Users may access the system 100 through web browsers on user devices 140 such as PCs, mobile phones, PDAs and the like."   **Kelly ¶ 0038**.) having a mobile device game application ("The system 100 may include a golf tournament 110, a social networking system 115, an instant messenger 120, blogs 125, a golf course difficulty ranking system 130, and a performance based scoring system 135 … System 100 allows a "user may also submit a payment to participate in one or more tournaments 210 where a prize is awarded to the winner based up the user with the highest Splashie score." **Kelly ¶ 0038-40**.);

providing a second player's mobile device having the select mobile computer device game application ("Users may access the system 100 through web browsers on user devices 140 such as PCs, mobile phones, PDAs and the like." **Kelly ¶ 0038**.);

entering the occurrence of a game related event by a first player which has physically occurred at a remote location that enables the first player to advance in a mobile computer device game application into the first player's mobile computer device utilizing the mobile computer device game application ("A user plays a round of golf and enters the number of eagles, birdies, pars, bogeys,

double bogeys, triple bogeys they received as defined above into the system 100." **Kelly ¶ 0041**. "The winner of the tournament is determined based on the Splashie score received during the tournament 440" **Kelly ¶ 0043**.);

transmitting the occurrence of the game related event from the first player's mobile computer device to a central server associated with the mobile computer device game application ("The system receives a set of scores for 18 holes of golf played by a golfer." **Kelly ¶ 0043.**);

verifying the occurrence of the game related event by sending a message from the central server to the second player's mobile computer device located at the remote location ("The system may communicate the entered set to the second participant and the second participant and queries the second participant to either confirm the accuracy of the entered set or deny the accuracy of the entered set." **Kelly ¶ 0013**. "the system is configured to display the received scores from the first golfer to the second golfer. In a step 530, the system is configured to query the second golfer to either confirm or deny accuracy of the set of scores." **Kelly ¶ 0051**.), and

transmitting a verification response from the second player's mobile computer device to the central server ("In a step 540, the system is configured to receive either a confirmation or denial of the accuracy of the scores." **Kelly ¶ 0051**.),

Application/Control Number: 13/198,159                                      Page 7
Art Unit: 3718

changing a score associated with the first player which is stored on the central

server in response to the verifying of the occurrence of the game related event

("If a confirmation is received, then the system assigns a status of verified to the

score."  **Kelly ¶ 0051**.  "The system will only stores data in the tournament

qualifier database if it is based on verified scores."  **Kelly ¶ 0054**.).

15.    **Claims 5 and 10 recite similar limitations** as claim 1 and are rejected for at

least similar reasons as claim 1.  Furthermore, regarding claim 5, Kelly discloses

a user may be displayed his score.  Kelley ¶ 0041.  Furthermore, regarding claim

10, Kelley's second user who verifies scores is also a game participant.  Kelly ¶

0013.


*Claim Rejections - 35 USC § 103*


16.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:


    (a) A patent may not be obtained though the invention is not identically disclosed or described as set
    forth in section 102 of this title, if the differences between the subject matter sought to be patented and
    the prior art are such that the subject matter as a whole would have been obvious at the time the
    invention was made to a person having ordinary skill in the art to which said subject matter pertains.
    Patentability shall not be negatived by the manner in which the invention was made.

17.    *Claims 2, 3, 6, 7, 8, and 11 are rejected under 35 U.S.C. 103(a) as being*

*unpatentable over Kelly in view of Official Notice.*

18.   **In regards to claim 2**, Kelly discloses the method of claim 1 but does not explicitly recite wherein the observed game related event is associated with an action taken by the second player.

19.   Official Notice is taken that in golf tournaments, players often allow each other "gimmies."  Gimmies are, for example, putts that a second player may concede to a first player so that the first player does not have to try the putt.  Gimmies potentially affect scores as players are granted a hole-in.  Gimmies are sportsman gestures between players.

20.   It would have been obvious to one having ordinary skill in the art at the time the invention was made to modify the Kelly reference to allow scores to be affected by gimmies as taught by Official Notice in order to allow for a gold tournament to allow for traditional sportsman gestures because said feature is desirable when providing golf games as found in claim 2.

21.   **Claim 8 recites similar limitations** as claim 2 and is rejected for at least similar reasons as claim 2.

22.   **In regards to claim 3**, Kelly discloses the method of claim 2 but does not explicitly recite further comprising a third player's mobile computer device having a mobile computer device game application, and wherein in response to the second player denying the verification of the game related event the server

sends a message to the third player's mobile computer device in the vicinity of the first and second players to verify the occurrence of the game related event.

23.   Kelly does, however, teach that golf is played in foursomes.  Kelly ¶ 0054.

24.   Official Notice is taken that golf tournaments allow foursomes to compete concurrently.  Official Notice is also taken that if there are disputes, a third party may be requested in order to provide the third party's opinion on the dispute.

25.   It would have been obvious to one having ordinary skill in the art at the time the invention was made to modify the Kelly reference to allow a third participant to verify scores if a second participant denies verification in order to allow for a second opinion and dispute resolution because said feature is desirable when disputes arise as found in claim 3.

26.   **Claims 6, 7, and 11 recite similar limitations** as claim 3 and are rejected for at least similar reasons as claim 1.

27.   ***Claim 4, 9, 12, and 13 is rejected under 35 U.S.C. 103(a) as being unpatentable over Kelly as applied above, and further in view of US Pub. No. 2007/0167136 A1 ("Groth").***

28.   **In regards to claim 4**, Kelly discloses the method of claim 1 but does not
explicitly recite wherein the first player mobile computer device and the second
player mobile computer device are location detection enabled, wherein said
central server can determine if the first and second players are within a general
location to enable the first and second players to interact, and wherein the central
server can notify the first and second players of each others locations.

29.   Groth, however, teaches a "computing device is configured to monitor a local
vicinity around a user and detect identification devices located in the vicinity.
When an identification device is detected, data is read from the device and a
person associated with the device is identified. One or more user applications are
searched to determine if the identified person is listed in a user application. If so,
a notification is provided to the user that the identified person is in the vicinity."
Groth Abstract.  "In at least one implementation, a location of a person of interest
relative to the user is indicated when the person of interest is detected."  Groth ¶
0004.

30.   It would have been obvious to one having ordinary skill in the art at the time the
invention was made to modify the Kelly reference to provide the user's locations
in order to notify users when in close proximity as taught by Groth in order to
allow for notifications of relevant nearby users because Groth suggests said
feature is desirable when providing interaction between users as found in claim
4.

31.    Incorporating Groth's location detection and notification leads to the predictable

result that players will be notified when important other players are nearby (for

example playing partners).  This allows players in the same group to be alerted

to the location of playing partners be alerted to one another's presence to begin

play or engage in other tournament activities.


32.    **Claims 9, 12, and 13 recite similar limitations** as claim 3 and are rejected for

at least similar reasons as claim 1.


### *Response to Amendment/Response to Arguments*


33.    Applicant's arguments regarding the 35 USC 101 rejections have been fully

considered but they are not persuasive.  The rejection is based on the claimed

subject matter, not the Specification.  The actual claimed subject matter is not

claimed as performed by a specific machine.  For example, the claim recites the

step of providing a first player's mobile computer.  A specific machine does not

provide the computer; because the claim only recites "providing," anything can

perform that step of providing; *i.e.*, a sales person can provide a mobile

computer.  Furthermore, the Applicant specifically points to "entering."  Again,

anything can perform entering; a person typing on a keypad enters information.

As the claims do not expressly recite a specific machine which performs the

specific tasks, the claims recite that *anything* can perform those tasks.  The lack

of any particular machine implementing a method tends to show that the machine

Application/Control Number: 13/198,159                                        Page 12
Art Unit: 3718

is drawn to an abstract idea.  *See* Interim Guidance for Determining Subject

Matter Eligibility for Process Claims in View of Bilski v. Kappos, Fed. Reg. Vol. 75

No. 143 at 43925 (July 27, 2010).


34.     Applicant's amendments and arguments with respect to the 35 USC 112

rejections have been fully considered and are persuasive.  The 35 USC 112

rejections of claims 1-4 and 13 have been withdrawn.


35.     Applicant's arguments with respect to the 35 USC 102 and 103 rejections of

claims 1-13 have been considered but are moot because the arguments do not

apply to any of the references being used in the current rejection.


### *Conclusion*


1.      Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP

§ 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).

        A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

shortened statutory period will expire on the date the advisory action is mailed, and any

Application/Control Number: 13/198,159                                    Page 13
Art Unit: 3718

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to BACH HOANG whose telephone number is (571)270-

3105.  The examiner can normally be reached on Monday - Thursday and every other

Friday, 8:15 AM - 5:15 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Arthur Hall can be reached on 571-270-1814.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/BACH  HOANG/
Examiner, Art Unit 3718

Application/Control Number: 13/198,159                                    Page 14

Art Unit: 3718

/Arthur O. Hall/
Supervisory Patent Examiner, Art Unit 3718

# EXHIBIT   B

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of            )
                                )
Marion O'Neill Lee              )Examiner: Hoang, Bach
                                )
App. Ser. No. 13/198,159        )Art Unit: 3718
                                )
Filed: August 4, 2011           )
                                )
For: System and Method For      )
     Gaming Utilizing A         )
     Mobile Device              )


**<u>APPEAL BRIEF</u>**


1

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In Re Application of       )
                                )
Marion O'Neill Lee      )Examiner: Hoang, Bach
                                )
App. Ser. No. 13/198,159  )Art Unit: 3718
                                )
Filed: August 4, 2011    )
                                )
For: System and Method For  )
    Gaming Utilizing A     )
    Mobile Device        )

**APPEAL BRIEF**

## I.  INTRODUCTION

This is an appeal from the decision mailed February 28, 2013 of the Patent Examiner, Group Art Unit 3718, objecting to claim 1 for an informalities; rejecting claims 1-9 under 35 U.S.C. §101 as being an abstract idea; rejecting claims 2-3 under 35 U.S.C. §112 as being indefinite, rejecting claims 1, 5, and 10 under 35 U.S.C. §102 as being anticipated by Kelley; rejecting claims 2, 3, 6, 7, 8 and 11 under 35 U.S.C. §103 as being made obvious by Kelley in view of Official Notice; and rejecting claims 4, 9, 12 and 13 under 35 U.S.C. §103 as being made obvious by Kelley in view of Groth.

## II.  REAL PARTY IN INTEREST

The Applicant is the real party in interest.

## III.  RELATED APPEALS AND INTERFERENCES

None.

## IV.  STATUS OF THE CLAIMS

Claims 1-13 stand rejected by the official action mailed

February 28, 2013.   Claims 1-13 are pending.   Applicant hereby appeals the rejection of claims 1-13.

## V.   STATUS OF AMENDMENTS

None.

## VI.   SUMMARY OF CLAIMED SUBJECT MATTER

1.   A method for playing a mobile computer device based game (P 4, L 10, ref. 10), comprising the steps of:

providing a first player's mobile computer device having a select mobile device game application (P 4, L 19, ref. 15);

providing a second player's mobile device having the select mobile computer device game application (P 4, L 19, ref. 16);

entering the occurrence of a game related event by a first player which has physically occurred at a remote location that enables the first player to advance in a mobile computer device game application into the first player's mobile computer device utilizing the mobile computer device game application (P 7, L 20 through P 8, L 7);

transmitting the occurrence of the game related event from the first player's mobile computer device to a central server associated with the mobile computer device game application (P 7, L 20 through P 8, L 7);

verifying the occurrence of the game related event by sending a message from the central server to the second player's mobile computer device located at the remote location (P 8, L 8-18),

transmitting a verification response from the second player's mobile computer device to the central server (P 5, L 21 through P 6, L1) and (P 9, L 4-16),

changing a score associated with the first player which is stored on the central server in response to the verifying of the occurrence of the game related event.

3

5.   A method of providing a mobile computer device based game (P 4, L 10, ref. 10), comprising the steps of:

transmitting a request to enter a score enabling game related event from a remote location through the use of a first person's mobile <u>computer</u> device (P 4, L 19, ref. 15) to a central server (P 7, L 20 through P 8, L 7);

receiving the transmitted request from the first person's mobile computer device with the central server, and in response transmitting a verification request from the central server to a second person's mobile device (P 4, L 19, ref. 15);

receiving the transmitted verification request with the second person's mobile computer device and in response transmitting a verification response from the second person's mobile computer device to the central server (P 8, L 8-18), and

receiving the verification response from the second person's mobile computer device with the central server, and reflecting a change in the first person's game score in response to an affirmative verification response from the second person's mobile device (P 8, L 12-14), (P 5, L 21 through P 6, L1) and (P 9, L 4-16).

10.   A mobile computer device based game system (P 4, L 10, ref. 10) comprising,

a central server;

a first mobile computer device having a mobile computer device gaming application software (P 4, L 19, ref. 15);

a second mobile computer device having the mobile computer device gaming application software (P 4, L 19, ref. 15);

said first and second mobile devices each having means for entering an observed gaming game related event into said mobile computer device as a scoring request (P 7, L 20 through P 8, L 7),

4

and means for transmitting said entered gaming game related event scoring request to said central server for processing (P 7, L 20 through P 8, L 7), and

said central server having processing means for processing said scoring request from said first mobile device (P 7, L 20 through P 8, L 7), means for transmitting a verification request from said central server to said second mobile device (P 8, L 8-18); means for receiving a response to said verification request from said second mobile device (P 8, L 8-18), and means for processing said verification request response from said second mobile computer device and in response thereto processing a score advancement associated with said observed gaming game related event scoring request (P 8, L 12-14), (P 5, L 21 through P 6, L1) and (P 9, L 4-16).

## VII.  GROUNDS OF REJECTION TO BE REVIEWED ON APPEAL

Claim 1 are objected to for informalities; claims 1-9 are rejected under 35 U.S.C. §101 as being an abstract idea; claims 2-3 are rejected under 35 U.S.C. §112 as being indefinite, claims 1, 5, and 10 are rejected under 35 U.S.C. §102 as being anticipated by Kelley; claims 2, 3, 6, 7, 8 and 11 are rejected under 35 U.S.C. §103 as being made obvious by Kelley in view of Official Notice; and claims 4, 9, 12 and 13 are rejected under 35 U.S.C. §103 as being made obvious by Kelley in view of Groth.

## VIII.  ARGUMENT

### (A) Claim 1 is objected to because of informalities.

The examiner has taken the position that claim 1 recites "the select mobile computer device game application" and that the claim only defines a "select mobile device game application".  Similarly,

5

claim 1 recites "the second player's mobile computer device" and that the claim only defines a "second player's mobile device".  If the Examiner's position to the rejections under 102 and 103 are not affirmed, Applicant stands ready to amend claim 1 to include the word "computer" to these two phrase.

**(B) Claims 1 is rejected under 35 U.S.C. §101.**

The examiner has taken the position that claim 1 recites a method of providing a mobile device based game, but that no specifically recited machines is shown which performs every stop of the recited method.  For example, claim 1 recites "providing", "entering", "transmitting" and "verifying", but a specific machine is not recited.  Firstly, Applicant respectfully submits that this position is incorrect.  The mobile device is provided upon which text is "entered", that text is "transmitted" by the device (phone), and the phone/server "verifies" the entry through text messages and their confirmations messages. Furthermore, data is "entered" with a key pad of the mobile device system. Secondly, Applicant respectfully submits that there is not a requirement that a <u>single</u> device perform all steps, which may be accomplished through the mobile device and the server.

**( C) Claims 5 is rejected under 35 U.S.C. §101.**

The examiner has taken the position that claim 5 recites a method of providing a mobile device based game, but that no specifically recited machines is shown which performs every stop of the recited method.  For example, claim 5 recites "providing", "entering", "transmitting" and "verifying", but a specific machine is not recited.  Firstly, Applicant respectfully submits that this position is incorrect.  The mobile device is provided upon which text is "entered", that text is "transmitted" by the device (phone), and the phone/server "verifies" the entry through text

6

messages and their confirmations messages.  Furthermore, data is "entered" through a key pad into the mobile device system. Secondly, Applicant respectfully submits that there is not a requirement that a single device perform all steps, which may be accomplished through the mobile device and the server.

### (D)  Claim 2 is rejected under  35 U.S.C. §112 as being indefinite.

The examiner has taken the position that claim 2 is indefinite because it recites "the observed game related event" has not been previously defined.  Applicant respectfully submits that the observed game related event is clearly the previously described in claim 1, line 10 in the phrase "the occurrence of a game related event".  Again, if the Examiner's position to the rejections under 102 and 103 are not affirmed and if this Board affirms the Examiner's position with regard to section 112, Applicant stands ready to amend claim 1 to include the word "observed" with "game related event".

### (E) Claim 1 under 35 U.S.C. §102 as being anticipated by Kelly.

Claim 1 describes a method for playing a mobile computer device based game, comprising the steps of providing a first player's mobile computer device having a select mobile device game application, providing a second player's mobile device having the select mobile computer device game application, entering the occurrence of a game related event by a first player which has physically occurred at a remote location that enables the first player to advance in a mobile computer device game application into the first player's mobile computer device utilizing the mobile computer device game application, transmitting the occurrence of the game related event from the first player's mobile computer device to a central server associated with the mobile computer device game application, verifying the occurrence of the game

7

# EXHIBIT   C

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

# BEFORE THE PATENT TRIAL AND APPEAL BOARD

Application Number: 13/198,259
Filing Date: August 4, 2011
Appellant(s): LEE ET AL.

_____
Dorian B. Kennedy
For Appellant

## EXAMINER'S ANSWER

This is in response to the appeal brief filed August 12, 2013.

**(1) Grounds of Rejection to be Reviewed on Appeal**

Every ground of rejection set forth in the Office action dated February 28, 2013 from which the appeal is taken is being maintained by the examiner except for the grounds of rejection (if any) listed under the subheading "WITHDRAWN REJECTIONS." New grounds of rejection (if any) are provided under the subheading "NEW GROUNDS OF REJECTION."

**WITHDRAWN REJECTIONS**

The following grounds of rejection are not presented for review on appeal because they have been withdrawn by the examiner.  The 35 USC 101 Rejections of claims 1-9 are withdrawn.

**(2) Response to Argument**

I.    *Claims 2 And 3 Are Rejected Under 35 USC 112, Second Paragraph, Because A "Game Related Event" Is Not Necessarily An "Observed Game Related Event"*

The "observed game related event" recited in claim 2 can be interpreted in two different ways in relation to the "game related event" recited in claims 1 and 3.  In one interpretation, the "observed game related event" recited in claim 2 is a different game related event from the "game related event" recited in claims 1 and 3.  An observed game related event is a specific (*i.e.,* more limited) type of game related event, and so it is unclear whether claim 2 is meant to further limit the game related event of claim 1 or whether claim 2 is meant to introduce a new type of game related event.  The Specification, at 6:18-7:16 also describes multiple game related events occur in a game,

# EXHIBIT   D

# EXHIBIT B

U.S. Patent No. 9,737,803 B2                    EXHIBIT B

Claim 1

| A method for playing a mobile computer device based game based on a plurality of game related events which relates to the observation of another player's action, comprising the steps of: | The photograph below shows two mobile computer devices (phones) on which are loaded the Accused product app.  (The series of photographs herein show two phones set side by side for the first and second players, the first player's device is shown on the right hand side while the second player's device is shown on the left hand side for all the following claims and photographs.)<br><br> |
|---|---|
| providing a first player's mobile computer device having a select mobile device game application; | See photograph above. |
| providing a second player's mobile device having the select mobile computer device game application; | See photograph above. |
| entering the occurrence of each game related event of a plurality of | The photograph below shows that the first player may enter the second player's final score or other game related events such as "Fairway Hit" and direction, "Green in Regulation", number of "Putts", number of |

| | |
|---|---|
| game related events at the time of occurrence of each game related event by a first player which has physically occurred at a remote location which relates to the observation of another player's action that enables the first player to advance in a mobile computer device game application into the first player's mobile computer device utilizing the mobile computer device game application; | "Chip Shots", number of "Greenside Sand Shots", and number of "Penalties", this game related event data is referenced here as "information".  The information may be entered at any time including at the end of each hole of an 18 hole round of golf.<br><br><br><br>First player entering 8 as the final score for the hole for the second player.<br><br><br><br>The score of 8 for the second player appears on the first players mobile computer device. |

2

| | |
|---|---|
| transmitting the occurrence of each game related event of the plurality of game related events at the time of occurrence of each game related event which relates to the observation of another player's action from the first player's mobile computer device to a central server associated with the mobile computer device game application; | Once the information is entered into the mobile computer device, the mobile computer device transmits the information to the central server for 18Birdies.  See photographs above. |
| verifying the occurrence of each game related event of the plurality of game related events by sending a message from the central server to the second player's mobile computer device located at the remote location upon each game related event of the plurality of game related events, | The photograph below shows that the central server then sends the information to the second player's mobile computer device as the second player's mobile computer now shows the information that was entered through the first player's mobile computer.  The second player may then (verify) confirm or change the information through entering a change in the information on the second player's mobile computer.<br><br><br><br>The score of 8 now appears on the second players mobile computer device for verification purposes. |

| | |
|---|---|
| transmitting a verification response from the second player's mobile computer device to the central server upon each game related event of the plurality of game related events, | The changed information is then transmitted from the second player's mobile computer device to the 18Birdies central server.<br><br>The second player transmits a verification response by accepting the scope of 8, or by changing the score to another score (shown as the entry of a change to a 6 in the photograph below).<br><br> |
| changing a score associated with the first player which is stored on the central server in response to the verifying of the occurrence of each game related event. | The photograph below shows the change in the information entered by the second player on the first player's mobile computer device which is stored on the central server. |



The verified score of 6 has now been changed, stored in the central server, and transmitted to the first player who's phone now shows a score of 6 for the second player.  The first player's score commenced as 4 strokes below the second player's score of 8 so the first player has advanced by 4 strokes.  During the verification process the score of the second player was changed from 8 to 6, therefore, a change was made that resulted in the first player being only 2 strokes ahead for the hole. Both players then advance to the next hole.



The photograph above shows other game related events which may be entered, transmitted, verified, and retransmitted, such as "Fairway Hit" and direction, "Green in Regulation", number of "Putts", number of "Chip Shots", number of "Greenside Sand Shots", and number of "Penalties".

Claim 5

| A method of providing a mobile computer device based game based on a plurality of game related events which relates to the observation of another player's action at the time of occurrence of each game related event, comprising the steps of: | The photograph below shows two mobile computer devices (phones) on which are loaded the Accused product app. which is a method of providing a mobile computer device based game based on a plurality of observed game related events.<br><br> |
|---|---|
| transmitting a request to enter each score enabling game related event of the plurality of game related events from a remote location through the use of a first person's mobile computer device to a central server which relates to the observation of another player's action at the time of occurrence of each game related event; | The photograph below shows that the first player may enter the second player's final score or other game related events such as "Fairway Hit" and direction, "Green in Regulation", number of "Putts", number of "Chip Shots", number of "Greenside Sand Shots", and number of "Penalties", this game related event data is referenced here as "information". The information may be entered at any time including at the end of each hole of an 18 hole round of golf. |





The score of 8 for the second player is entered and transmitted from the first player's mobile computer device to a central server wherein the score of 8 then appears on the first player's mobile computer device.

8

| | |
|---|---|
| receiving each transmitted request from the first person's mobile computer device with the central server, and in response transmitting a verification request from the central server to a second person's mobile device upon each of the plurality of game related events which relates to the observation of another player's action at the time of occurrence of each game related event; | Once the information is entered into the mobile computer device, the mobile computer device transmits the information to and is received by the central server for 18Birdies.  The central server then transmits the information to the second player's mobile computer device, as shown in the photograph below, thereby allowing for verification by the second player. |
| receiving the transmitted verification request with the second person's mobile computer device upon the completion of each game related event of the plurality of game related events which relates to the observation of another player's action at the time of occurrence of each game related event and in response transmitting a verification response from the second person's mobile computer device to the central server for each game related | See photograph above wherein the second player's mobile computer device receives the information wherein the second player may verify the information by confirming or changing the information.<br><br> |

| | |
|---|---|
| event of the plurality of game related events which relates to the observation of another player's action at the time of occurrence of each game related event, and | The score of 8 now appears on the second players mobile computer device for verification purposes.<br><br><br><br>The second player may verify by accepting the score or changing it to a 6 and transmitting it to the central server. |
| receiving the verification response from the second person's mobile computer device with the central server for each game related event of the plurality of game related events which relates to the observation of another player's action at the time of occurrence of each game related event, and reflecting a change in the first person's game score in response to each affirmative verification response | The confirmed or changed information is transmitted and received by 18Birdies central server, the information then appears on the first person's mobile computer device. |

from the second person's mobile device for each game related event of the plurality of game related events which relates to the observation of another player's action at the time of occurrence of each game related event.



The photograph above shows other game related events which may be entered, transmitted, (changed) verified, and retransmitted, such as "Fairway Hit" and direction, "Green in Regulation", number of "Putts", number of "Chip Shots", number of "Greenside Sand Shots", and number of "Penalties".

Claim 10

| A mobile computer device based game based on a plurality of game related events which relates to the observation of another player's action at the time of occurrence of each game related event comprising, | The photograph below shows two mobile computer devices (phones) on which are loaded the Accused product app which includes a plurality of game related events which relates to the observation of another player's action at the time of occurrence of each game related event. The game related events include such actions as "Fairway Hit" and direction, "Green in Regulation", number of "Putts", number of "Chip Shots", number of "Greenside Sand Shots", and number of "Penalties", this game related event data is referenced here as "information".<br> |
|---|---|
| a central server; | 18Birdies has a central server which controls the function of the Accused Product app. |
| a first mobile computer device having a mobile computer device gaming application software; | 18Birdies provides a mobile computer device gaming application software that is installed on a first mobile computer device.  See photograph above. |
| a second mobile computer device having the mobile computer device gaming application | 18Birdies provides a mobile computer device gaming application software that is installed on a second mobile computer device.  See photograph above. |

| | |
|---|---|
| software; | |
| said first and second mobile devices each having means for entering an observed gaming game related event of the plurality of game related events which relates to the observation of another player's action at the time of occurrence of each game related event into said mobile computer device as a scoring request for each game related event of the plurality of game related events which relates to the observation of another player's action at the time of occurrence of each game related event, and means for transmitting said entered gaming game related event scoring request to said central server for processing for each game related event of the plurality of game related events which relates to the observation of another player's action at the time of occurrence of each game related event, and | The photograph above shows the first and second mobile devices having means for entering the information, the first and second mobile devices transmit the information to 18Birdies' central server for processing.<br><br><br><br>The score of 8 for the second player is entered and transmitted from the first player's mobile computer device to a central server wherein the score of 8 then appears on the first player's mobile computer device. |

13

| | |
|---|---|
| said central server having processing means for processing said scoring request from said first mobile device for each game related event of the plurality of game related events which relates to the observation of another player's action at the time of occurrence of each game related event, means for transmitting a verification request from said central server to said second mobile device for each game related event of the plurality of game related events which relates to the observation of another player's action at the time of occurrence of each came related event; means for receiving a response to said verification request from said second mobile device for each game related event of the plurality of game related events which relates to the observation of another player's action at the time of occurrence of each game related event, | 18Birdies has a central server which processes the information from the first mobile device.  18Birdies transmits the information from the central server to second mobile device wherein the information may be confirmed or changed for verification purposes.   18Birdies' central server receives the responsive information from the second mobile device.  The 18Birdies central server processes the information from the second mobile device and in response thereto processes a score advancement in the form of a score or other informational event such as "Fairway Hit" and direction, "Green in Regulation", number of "Putts", number of "Chip Shots", number of "Greenside Sand Shots", and number of "Penalties". The information may be entered at any time including at the end of each hole of an 18 hole round of golf.<br><br><br><br>The score of 8 now appears on the second players mobile computer device for verification purposes. |

14

and means for processing said verification request response from said second mobile computer device and in response thereto processing a score advancement associated with said observed gaming game related event scoring request for each game related event of the plurality of game related events which relates to the observation of another player's action at the time of occurrence of each game related event.



The second player may accept or change the score to a 6 and transmit it from the second mobile device to the central server which receives the response from the second mobile device.



| | The photograph above shows other game related events which may be entered, transmitted, verified, and retransmitted, such as "Fairway Hit" and direction, "Green in Regulation", number of "Putts", number of "Chip Shots", number of "Greenside Sand Shots", and number of "Penalties". |
| --- | --- |